**MANDATE**

S.D.N.Y.–N.Y.C.
15-cr-616
Forrest, J.

## United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of July, two thousand twenty.

Present:
    José A. Cabranes,
    Richard J. Sullivan,
    Steven J. Menashi,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug 04 2020

---

United States of America,

        *Appellee*,

v.

Erdolo Eromo, et al.,

        *Defendants*,

Darcy Wedd, Francis Assifuah, AKA Francis Assif,

        *Defendants-Appellants*.

18-1392 (L),
18-1948 (Con)

---

The Government moves to dismiss Appellant Francis Assifuah's appeal as untimely, or alternatively, for summary affirmance of the judgment. Appellant contends that he filed an untimely notice of appeal, 8 months after the judgment, due to the ineffectiveness of his counsel. Upon due consideration, it is hereby ORDERED that the Government's motion to dismiss is GRANTED and the appeal is DISMISSED as untimely. *See* Fed. R. App. P. 4(b) (14 day time limit on filing a criminal appeal may be extended by no more than 30 days on a showing of good cause or excusable neglect); *United States v. Frias*, 521 F.3d 229, 234 (2d Cir. 2008) (holding that when "the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible.").

**MANDATE ISSUED ON 08/04/2020**

The case is REMANDED to the district court to convert Appellant's untimely notice of appeal into a motion pursuant to 28 U.S.C. § 2255 for habeas corpus relief.[1]  *See United States v. Moreno-Rivera*, 472 F.3d 49, 51–52 (2d Cir. 2006) (holding that when the record is unclear as to whether a late-filed appeal resulted from ineffective assistance of counsel, this Court should dismiss the appeal, and the appellant should raise his ineffective assistance claim in a § 2255 motion); *see also United States v. Lajud-Pena*, 655 F. App'x 35, 36–37 (2d Cir. 2016) (summary order) (holding that when a § 2255 motion would be untimely, but appellant filed a notice of appeal within one year of the judgment, and thus within the one-year habeas statute of limitations, 28 U.S.C. § 2255(f), the district court should convert appellant's notice of appeal into a § 2255 motion, supplemented by the filing in which he argued that his counsel was ineffective).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] The district court should supplement Appellant's converted § 2255 motion with his June 27, 2018, motion for reconsideration in which he argued that his trial counsel was ineffective for advising him against filing a notice of appeal.

2